# In the United States Court of Federal Claims

No. 18-1726C

(Filed: November 29, 2018)

**(NOT TO BE PUBLISHED)**

```
*********************************  )
ROBERT E. COTNER,                  )
                                   )
                Plaintiff,         )
                                   )
        v.                         )
                                   )
UNITED STATES,                     )
                                   )
                Defendant.         )
                                   )
*********************************
```

Robert Cotner, *pro se*, Lexington, Oklahoma.

## OPINION AND ORDER

LETTOW, Senior Judge.

Pending before the court is plaintiff's motion to proceed *in forma pauperis*. The United States' ("the government's") response to this motion is overdue.

## BACKGROUND

Mr. Cotner is currently incarcerated. Over time, he has been convicted of a number of crimes, including, among others, "(1) possession of a controlled drug with intent to distribute, after former conviction of one drug related felony; (2) possession of marijuana with intent to distribute, after former conviction of one drug related felony; (3) failure to affix a tax stamp, after former conviction of two felonies; (4) weapon use in the commission of a crime, after former conviction of two felonies; (5) manufacturing a fictitious drivers license, after former conviction of two felonies; and (6) manufacturing a fictitious birth certificate." *Cotner v. Cody*, No. 96-5269, 1998 WL 4336, at *1 (10th Cir. Jan. 8, 1998). For the foregoing set of convictions in 1992, he was sentenced to four life sentences, a twenty-year sentence, and a thirty-day sentence. *Id.*

## STANDARDS FOR DECISION

The Prison Reform Act of 1996 limits the ability of incarcerated persons with a history of filing frivolous lawsuits from proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *see also*

*Cotner v. United States*, No. 13-407C, 2013 WL 6139791, at *1 (Fed. Cl. Nov. 22, 2013). "[C]ommonly referred to as the 'three strikes' provision, [the Prison Litigation Reform Act of 1996] prohibits an incarcerated person from proceeding *in forma pauperis* when that individual has filed three or more actions or appeals which were dismissed as 'frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted.'" *Cotner*, 2013 WL 6139791, at *1 (quoting 28 U.S.C. § 1915(g)). There is an exception, however, for "prisoners under 'imminent danger of serious physical injury.'" *Id.* (quoting 28 U.S.C. § 1915(g)). Thus, for an incarcerated frivolous litigator to be permitted to proceed *in forma pauperis*, they must allege sufficient facts in their complaint that demonstrate they are under "imminent danger of serious physical injury."

## ANALYSIS

Mr. Cotner's history shows a litany of frivolous actions while incarcerated, including several filed with this court. *See, e.g., Cotner*, 2013 WL 6139791, at *1; *see also, e.g., Duvall v. United States*, No. 18-313C, 2018 WL 2676671 (Fed. Cl. June 5, 2018) (showing Robert Cotner as one of the plaintiffs);[1] *Duvall v. United States*, No. 17-1788C, 2018 WL 617641 (Fed. Cl. Jan. 30, 2018) (same); *Cotner v. Oklahoma*, No. 15-1236C, 2016 WL 206098 (Fed. Cl. Jan. 14, 2016); *Cotner v. McCollum*, No. CIV-12-1398-M, 2013 WL 1773582 (W.D. Okla. Apr. 25, 2013); *Cotner v. F.B.I.*, No. 09-4229, 2009 WL 3335063 (D.N.J. Oct. 15, 2009); *Cotner v. Campbell*, 618 F. Supp. 1091, 1097 (E.D. Okla. 1985), *aff'd in relevant part sub-nom. Cotner v. Hopkins*, 795 F.2d 900 (10th Cir. 1986).

The Tenth Circuit found that by 2002, "Mr. Cotner has filed at least forty-eight frivolous and repetitive suits in Oklahoma." *Cotner v. Boone*, 48 Fed. Appx. 287, 287 (10th Cir. 2002). To combat Mr. Cotner's frivolous filings, the Tenth Circuit in *Boone* held that Mr. Cotner must follow a series of steps if he wished to proceed in a civil suit in that court. *Id.* at 290-91. Other courts have placed similar constraints on Mr. Cotner's ability to file suit. *See, e.g., Cotner v. Bear*, No. CIV-18-398-M, 2018 WL 2453022, at *1 (E.D. Okla. Apr. 26, 2018) ("[Cotner] has a long history of filing frivolous and meritless actions in federal courts. To curb this abuse, [the Federal District Court for the Eastern District of Oklahoma], as well as other federal district courts, the Tenth Circuit Court of Appeals, and the United States Supreme Court, have placed filing restrictions on [Cotner].") (citations omitted). Indeed, Mr. Cotner has been barred from filing any petitions with the Supreme Court of the United States, unless he complies with Supreme Court Rule 33.1 and pays the required docketing fee. *See Cotner v. Boone*, 530 U.S. 1271 (2000).

---

[1] In this case, resolved earlier this year by another judge of this court, several post-judgment meritless submissions were received from the plaintiffs, prompting the court to order that the Clerk was "directed to accept no further filings *in this case* by Kenneth Duvall, Robert Cotner, or Dennis Martin, without an [o]rder granting leave to [submit] such filings from the Chief Judge of the Court of Federal Claims." *Duvall v. United States*, No. 18-313, Order of June 28, 2018, ECF No. 17 (emphasis added).

Mr. Cotner manifestly is subject to the "three-strike" provision of 28 U.S.C. § 1915(g)). His numerous frivolous lawsuits while incarcerated over the last few decades exceed the "three strikes" proscribed by the Prison Litigation Reform Act of 1996. Thus, to proceed *in forma pauperis*, Mr. Cotner must have alleged facts that indicate he is in imminent danger of serious physical harm. Mr. Cotner fails this burden. Mr. Cotner's complaint vaguely alleges a government conspiracy regarding a vast payment owed to him and Cotner Enterprises for past services rendered. But, much like prior litigation, Mr. Cotner's complaint contains no allegations of fact that could plausibly suggest he is in imminent danger of serious physical harm.

Therefore, the court determines Mr. Cotner is unable to proceed *in forma pauperis* and must pay the filing fee required by the court if he wishes to proceed with his suit against the United States.

## CONCLUSION

For the reasons stated, Mr. Cotner's motion for leave to proceed *in forma pauperis* is DENIED. Accordingly, Mr. Cotner SHALL SUBMIT to the Clerk of the United States Court of Federal Claims, by December 14, 2018, the $400 fee for filing his complaint. If Mr. Cotner fails to submit the requisite filing fee, the Clerk is directed to dismiss this matter without prejudice.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge